**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BERTHA SANTOS, | No. CV-08-1712-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| CORRECTIONS CORPORATION OF AMERICA; ABC Entities 1-10; XYZ Corporations 1-10, | |
| Defendants. | |

Pending before the Court is Defendant's Motion for Partial Summary Judgment (Dkt. # 48). For the following reasons, the Court grants the Motion in part and denies it in part.[1]

## BACKGROUND

Plaintiff Bertha Santos is a resident alien who was detained by Immigration and Customs Enforcement and housed at the Eloy Detention Center. Defendant Corrections Corporation of America owned and operated the Eloy Center. On September 15, 2007, a commissary worker on the first floor threw a soda can to a corrections officer on the second

---

[1] Plaintiff failed to comply with Local Rule of Civil Procedure 56.1(b), which requires a party opposing a motion for summary judgment to file a separate statement of facts along with its memorandum of law. Local Rule 7.2(i) gives the Court discretion to deem noncompliance with the Rules as consent to the motion for summary judgment. *See* L. R. Civ. P. 7.2(I). In this case, however, the Court can rule on the Motion even without deeming Plaintiff's noncompliance as consent to the Motion.

floor. The corrections officer failed to catch the soda, which spilled onto the first floor. At some point, Plaintiff slipped and fell on the soda, injuring her right shoulder and hand.

Plaintiff was transported to the medical building, where medical staff examined her, gave her pills and a shot for the pain, and cleaned and bandaged her hand. Defendant contends there were no obvious serious injuries to her shoulder or collarbone. Between September 25 and October 12, Plaintiff complained of right shoulder pain, and she received treatment or examination six times in that period. According to Plaintiff, the pain continued. On October 20, Plaintiff fell in the cafeteria and hit her right shoulder again. Medical staff saw her three more times before her discharge on November 26, 2009.

Plaintiff contends her shoulder pain continued. Plaintiff's Complaint alleges claims for Assault and Battery, Breach of Duty, Negligence, and Negligent Infliction of Emotional Distress.

**STANDARD OF REVIEW**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Then, the burden is on the nonmoving party to establish a genuine issue of material fact. *Id.* at 322–23. The nonmoving party "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

**DISCUSSION**

**I.     Assault and Battery (Count I)**

Both parties agree that there is not sufficient evidence to support an assault and battery claim. Accordingly, the Court grants the Motion on Count I.

**II.    Breach of Duty (Count II) and Negligence (Count III)**

Both parties agree that Plaintiff's "Breach of Duty" claim is duplicative of its Negligence claim. Accordingly, the Court grants summary judgment on Count II.[2]

**III.   Medical Negligence**

Defendant also requests summary judgment on any potential medical negligence claim. Both parties agree, however, that Plaintiff did not include a medical negligence claim in her Complaint, but instead argued negligence based on the Defendant's employees throwing soda cans. Because the Court cannot grant summary judgment on a claim that does not exist, the Court denies the Motion on this issue, but recognizes that Plaintiff's Complaint as currently pled does not allow it to raise a medical negligence claim at trial.

Defendant also appears (without stating so) to make a motion in limine regarding medical evidence, but the Court withholds judgment on this issue. Plaintiff disclosed a correctional facilities expert, James Aiken, who opined that Defendant breached its duty to Plaintiff when it, among other things, "delayed providing Plaintiff access to adequate medical treatment." (Dkt. # 49, Ex. 5.) Defendant requests in its Reply that Plaintiff be precluded from eliciting any testimony from Mr. Aiken regarding whether Defendant timely and appropriately treated Plaintiff's injuries. In a prior order on a motion to strike, the Court determined that Mr. Aiken cannot "testify concerning any delay in providing adequate medical care" "unless [expert] qualifications are established[.]" (Dkt. # 46.) Should Plaintiff present adequate credentials for Mr. Aiken, however, testimony about the medical care

---

[2] Although Plaintiff "requests that the Court dismiss" the Assault and Battery and Breach of Duty claims, Plaintiff's Response does not request that summary judgment be without prejudice. Plaintiff has not properly moved for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41. Thus, dismissal on these claims is with prejudice.

Plaintiff received could be relevant to issues in her existing claims, such as causation or damages. The Court, therefore, reserves any further judgment on this evidence's admissibility.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Summary Judgment (Dkt. # 48) is **GRANTED IN PART** and **DENIED IN PART**.

DATED this 25th day of November, 2009.

*G. Murray Snow*
G. Murray Snow
United States District Judge